UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------x
CELLULAR SOLUTIONS, LLC,

                             Plaintiff,

            -against-

SBA SITE MANAGEMENT, LLC,

                             Defendant.

------------------------------------------------------------x

Civil Docket No.:

1:21-cv-****

**NOTICE OF REMOVAL**

TO: CLERK - UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT

## <u>NOTICE OF REMOVAL</u>

     **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, Defendant SBA Site Management, LLC ("SBA"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Cellular Solutions, LLC v. SBA Site Management, LLC</u>, Docket No. FBT-CV23-6121219-S, as filed in the Superior Court of the State of Connecticut, Judicial District of Fairfield ("the Action"), to the United States District Court for the District of Connecticut, based upon the following:

     1.     On or about January 30, 2023, Plaintiff initiated the Action in the Superior Court of the State of Connecticut, District of Fairfield.  (A true and correct copy of the Summons and Complaint along with Notice of Service of Process and Return of Service is attached hereto as Exhibit A.)

     2.     On January 30, 2023, Plaintiff delivered the Summons and Complaint to SBA's registered agent, Corporate Creations.  (Exhibit A.)

     3.     On February 2, 2023, SBA received a copy of the Summons and Complaint from Corporate Creations on February 2, 2023.  (Exhibit A.)

4.      Based on the foregoing, SBA has timely filed this Notice of Removal within thirty days of SBA's receipt of a copy of the initial pleading setting forth the claim for relief.  *See* 28 U.S.C. § 1446(b).

5.      The grounds for removal are based on the diversity jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

6.      SBA is a Florida limited liability company with offices in Boca Raton, Florida. (Exhibit A ¶ 2).

7.      SBA's sole member is SBA Towers, LLC, which is a Florida limited liability company.

8.      SBA Towers, LLC's sole member is SBA Senior Finance II, LLC, which is a Florida limited liability company.

9.      SBA Senior Finance II LLC's sole member is SBA Senior Finance, LLC, which is a Florida limited liability company.

10.     SBA Senior Finance LLC's sole member is SBA Telecommunications, LLC, which is a Florida limited liability company.

11.     SBA Telecommunications, LLC's sole member is SBA Communications Corporation, which is a Florida corporation that maintains its principal place of business at 8051 Congress Avenue, Boca Raton, Florida 33487.

12.     Plaintiff's Complaint alleges that it is a Massachusetts limited liability corporation with offices in Newton, Massachusetts. (Exhibit A ¶ 1).

13.     SBA believes in good-faith that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on Plaintiff's allegation in the Complaint that it has

suffered $50, 681.92 in damages and is entitled to an award of attorneys' fees as part of its damages pursuant to the terms of the contract that is the subject of the Complaint.  (Exhibit A ¶ 24, p. 9 ¶ 5 of Prayer for Relief)  See *Insurance Co. of State of Pa. v. Waterfield*, 371 F.Supp.2d 146, 149 (D. Conn. 2005) (Attorney's fees may be included in the amount in controversy for purposes of diversity jurisdiction if they are recoverable as of right pursuant to statute or contract.)

14.     Therefore, removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity of citizenship between the parties. The United States District Court would, therefore, have original jurisdiction over this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

15.     Pursuant to 28 U.S.C. § 1391(b)(2) and (3), venue is proper in this District, as Plaintiff's Complaint and the subject contract concern a property located at 376 Main Street, Bridgeport, Connecticut.  (Exhibit A ¶ 5)

16.     Pursuant to 28 U.S.C. § 1446(d), SBA will serve Plaintiff with a copy of this Notice of Removal and will file the Notice of Removal in the Superior Court of the State of Connecticut, District of Fairfield.

17.     By filing this Notice of Removal, SBA does not waive any defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

18.     WHEREFORE, Defendant SBA Site Management, LLC gives notice that the above-referenced action, pending against it in the Superior Court of the State of Connecticut, County of Fairfield, has been removed to this Court.

Dated:  New Haven, Connecticut
March 1, 2023

The Defendant **SBA SITE MANAGEMENT, LLC**

By: _____
Richard David Lane, Esq.
rdlane@mdwcg.com
Bar No. CT 31053
Marshall Dennehey Warner Coleman & Goggin
Granite Square, 700 State Street, 3rd Floor
New Haven, CT 06511
Phone: (203) 714-4565
Fax:     (203) 714-4561
Its Attorney

To:     Mark P. Santagata, Esq.
Cacace, Tusch & Santagata
1111 Summer Street
Stamford, CT 06901
Tel: (203) 327-2000
Email: msantagata@lawcts.com

# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

SBA Site Management, LLC                                                    02/02/2023
Main Contact
SBA Communications Corporation
8051 Congress Avenue
Boca Raton FL 33487

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2023-14

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served: | SBA Site Management, LLC |
|---|---|---|
| 2. | Title of Action: | Cellular Solutions, LLC vs. SBA Site Management, LLC |
| 3. | Document(s) Served: | Summons - Civil<br>Complaint<br>Statement of Amount in Demand |
| 4. | Court/Agency: | Fairfield Judicial District Superior Court |
| 5. | State Served: | Connecticut |
| 6. | Case Number: | N/A |
| 7. | Case Type: | Breach of Contract |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Monday 01/30/2023 |
| 10. | Date to Client: | Thursday 02/02/2023 |
| 11. | # Days When Answer Due<br>Answer Due Date: | 29<br>Tuesday 02/28/2023 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Cacace, Tusch & Santagata<br>Stamford, CT<br>203-327-2000 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 071 |
| 16. | Notes: | Please note an unexpected delay in delivery of the document was experienced due to extreme weather conditions.  We apologize for any inconvenience. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SUMMONS - CIVIL**
JD-CV-1, Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
• P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| **1061 Main Street, Bridgeport, 06604** | (203 ) 579 – 6501 | **02/28/2023** |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session   ☐ Number: | | **Fairfield** | Major: **C** | Minor: **40** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| **Mark P. Santagata, 1111 Summer Street, Stamford, CT 06905** | **105068** |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (203 )327 – 2000 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) **msantagata@lawcts.com** |
|---|---|

| Parties | | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|---|
| **First plaintiff** | Name: | **Cellular Solutions, LLC** | **P-01** |
| | Address: | **288 Walnut Street, Newtown, MA 02460** | |
| **Additional plaintiff** | Name: | | **P-02** |
| | Address: | | |
| **First defendant** | Name: | **SBA Site Management, LLC** | **D-01** |
| | Address: | **8051 Congress Avenue, Boca Raton, FL 33487** | |
| **Additional defendant** | Name: | | **D-02** |
| | Address: | | |
| **Additional defendant** | Name: | | **D-03** |
| | Address: | | |
| **Additional defendant** | Name: | | **D-04** |
| | Address: | | |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| **01/27/2023** | | ☐ Clerk | **Mark P. Santagata, Esq.** |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | A TRUE COPY ATTEST |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | JOHN CORELLI STATE MARSHAL COUNTY OF FAIRFIELD |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

Print Form     Page 1 of 2     Reset Form

| CELLULAR SOLUTIONS, LLC, | ) | RETURN DATE:FEBRUARY 28, 2023 |
|---|---|---|
| | ) | |
| PLAINTIFF, | ) | SUPERIOR COURT |
| | ) | |
| V. | ) | FAIRFIELD JUDICIAL |
| | ) | DISTRICT |
| SBA SITE MANAGEMENT, LLC, | ) | |
| | ) | |
| DEFENDANT | ) | JANUARY 27, 2023 |

## COMPLAINT

## FIRST COUNT (BREACH OF CONTRACT):

1.     Plaintiff Cellular Solutions, LLC ("Cellular Solutions") is a Massachusetts Limited Liability Corporation with offices at 288 Walnut Street Newton, Massachusetts, duly registered with the Connecticut Secretary of State to conduct business in the State of Connecticut.

2.     Defendant SBA Site Management, LLC ("SBA") is a Florida limited liability company with offices at 8051 Congress Avenue, Boca Raton, Florida duly registered with the Connecticut Secretary of State to conduct business in the State of Connecticut.

3.     Cellular Solutions is a real estate firm that provides services throughout the United States, including but not limited to the State of Connecticut, to landlords that have rooftop leases with wireless telecommunication carriers, such as T-Mobile, for cellular antenna sites.

A. The Cellular Solutions Service Agreement

4.     On or about February 25, 2022 Cellular Solutions entered into a service agreement (the Service Agreement") and Authorization with ESM Holdings, LLC ("ESM") a Connecticut limited liability company with offices at 189 Wykagyl Terrace, New Rochelle New York.



5.      ESM is the owner of certain real property known as 376 Main Street located in the City of Bridgeport, County of Fairfield, and State of Connecticut (the "Property").

6.      The Property has been leased by ESM to certain wireless telecommunication carriers, including T-Mobile, as a site for wireless telecommunication equipment.

7.      Pursuant to the Terms of the Service Agreement, Cellular Solutions is ESM's exclusive agent in dealing with the cell carrier tenants such as T-Mobile for ESM's lease or leases for wireless telecommunication sites.

8.      Pursuant to the terms of the Service Agreement, Cellular Solutions agreed to provide services to ESM relating to the wireless telecommunication tenants of ESM including but not limited to the reclaiming of any underpayments or nonpayment of amounts due from said tenants, and communication with telecommunication carrier tenants regarding compensation.

9.      Pursuant to the terms of the Service Agreement ESM agreed to "assign any and all claims, pertaining to . . . [underpayments or nonpayment] to Cellular Solutions for collection," granting to Cellular Solutions "assignment of these claims . . . full and complete such that Cellular Solutions shall own such claims and be able to fully pursue the recovery of such claims against any tenant . . . under a wireless communication tenant lease."

10.     Pursuant to the assignment contained in the Service Agreement, ESM granted to Cellular Solutions the right to act as ESM's "third-party management representative with regard to wireless communication services at the [Property]," . . . including "but not limited to, submitting reimbursement requests, [and] receiving payments for reimbursement."

B. The MetroPCS Lease

11.     On or about May 7, 2009 ESM entered into a Communications Site Lease Agreement (the "MetroPCS Lease") with MetroPCS New York, LLC ("MetroPCS") a Delaware



2

limited liability company duly registered with the Connecticut Secretary of State to conduct business in the State of Connecticut.

12.     The MetroPCS Lease allows MetroPCS to install wireless telecommunication equipment on the Property in exchange for monthly rent payments to ESM.

13.     The MetroPCS Lease in Section 12 requires the tenant to "pay personal property taxes assessed against" the wireless telecommunication equipment on the Property, and any increase in real estate taxes directly attributable to the MetroPCS facility.

14.     The MetroPCS Lease in Section 17 states that ESM "may assign or transfer this Lease Agreement to any person or entity without any requirement for prior approval by Lessee."

15.     The MetroPCS Lease in Section 17 allows MetroPCS to assign or transfer the MetroPCS Lease to "subsidiaries, or affiliates, to any entity in which [MetroPCS] or any of its affiliates holds an ownership interest, or to a person or entity acquiring by purchase, merger or operation of law a majority of the value of the assets of [MetroPCS]"

16.     In or around September 2018 MetroPCS was acquired by T-Mobile and T-Mobile, as the successor in interest to MetroPCS took possession of the wireless telecommunication facility occupying the Property pursuant to the MetroPCS Lease, and T-Mobile is now liable for the conditions of occupancy imposed by the MetroPCS Lease.

C. The SBA Agreement

17.     On or about March 19, 2018, ESM entered into an Easement and Assignment Agreement (the "SBA Agreement") with Defendant, SBA whereby SBA accepted assignment of the existing telecommunication tenancies from ESM in consideration for a payment made by SBA to ESM.



3

18.     Section 14 of the SBA Agreement requires SBA to have all telecommunication tenants on the Property pay all personal property taxes, assessments, and charges and to pay any increase to ESM's real estate taxes attributable to the installation of Tenant telecommunication equipment.

D. SBA Breach

19.     ESM's duly designated agent, Cellular Solutions, performed a detailed analysis of the tax bills for the Property together with relevant communications from the tax assessing authority for the Property.

20.     Cellular Solutions determined that T-Mobile defaulted on the terms of the MetroPCS Lease by failing to pay $50,681.92 in additional municipal real estate taxes assessed by the City of Bridgeport from 2020 through October 21, 2022 as a result of the T-Mobile telecommunication equipment on the Property. The amount of additional taxes is exclusive of interest, costs and attorneys' fees.

21.     Thereafter, Cellular Solutions on ESM's behalf sent documentation of tax increases attributable to T-Mobile at the Property and requested reimbursement.

22.     Per the terms of the Metro PCS Lease, T-Mobile was obligated to reimburse ESM these amounts promptly upon receiving notice and appropriate documentation showing that such amounts were due.

23.     To date, T-Mobile has refused to make payment.

24.     T-Mobile defaulted on the terms of the Metro PCS Lease by failing to pay $50,681.92 in additional municipal real estate taxes assessed by the City of Bridgeport from 2020 through October 21, 2022 as a result of the T-Mobile telecommunication equipment on the Property. The amount of additional taxes is exclusive of interest, costs and attorneys' fees.

4

25.     Pursuant to Section 14 of the SBA Agreement, SBA must "enforce any provision in an Existing Agreement requiring the Existing Customer [i.e., T-Mobile] to pay taxes at the Property," thereby mandating that SBA collect overdue tax payments as necessary.

26.     Per the terms of the SBA Agreement, SBA was obligated to pursue reimbursement from T-Mobile for the municipal tax obligations assessed as a result of the T-Mobile telecommunications equipment on the Property.

27.     Cellular Solutions on ESM's behalf sent Notice to SBA pursuant to the SBA Agreement of the existing T-Mobile default and demanding that SBA cure the default under the SBA Agreement by collecting overdue taxes owed to ESM by T-Mobile and, as necessary, by commencing legal action against T-Mobile.

28.     Cellular Solutions has full assignment from ESM of (i) all claims arising from the MetroPCS Lease; (ii) all claims arising from the SBA Agreement, including addressing all issues relating to SBA's refusal to collect T-Mobile's tax reimbursement obligations and refusal to acknowledge the existence of such obligations; (iii) all of ESM's right to claim T-Mobile's tax reimbursement from SBA; (iv) the right to pursue any causes of action belonging to ESM related to the breach by SBA and T-Mobile including the right to enforce the MetroPCS Lease and the SBA Agreement on behalf of ESM, and to seek such damages as may be due and payable to ESM because of the past due tax reimbursement; and (v) the right to recover its attorneys' fees and costs under Section 23(e) of the MetroPCS Lease and Section 22 of the SBA Agreement.

29.     Plaintiff Cellular Solutions brings this action pursuant to the Service Agreement with ESM, which assigned to Cellular Solutions the rights of ESM to collect funds due to ESM under the MetroPCS Lease and the SBA Agreement.

5

30.     To date SBA has refused to correct the T-Mobile default, collect the past due tax reimbursements from T-Mobile, and/or reimburse ESM for such amounts, despite having a clear contractual obligation to do so, and despite being placed on notice of its obligation.

31.     Pursuant to Section 14 of the SBA Agreement, SBA's failure to collect T-Mobile's tax reimbursement obligations is a "default" by SBA of the SBA Agreement.

32.     As more fully alleged above, SBA materially breached the SBA Agreement by failing repeatedly to collect on tax debts owed by T-Mobile to ESM under the lease, even after SBA received well-supported requests for same.

33.     SBA's failure to collect tax debt obligations owed by T-Mobile is a material breach of the SBA Agreement.

34.     As a result of SBA's material breaches of the SBA Agreement, ESM was materially damaged, and ESM has assigned its claim for damages to Cellular Solutions to bring this claim.

35.     As a result of the breach of the SBA Agreement by SBA, ESM has sustained financial loss.

36.     As assignee of ESM's claim for reimbursement against SBA, Cellular Solutions now brings this action for breach of contract.

## SECOND COUNT (BREACH OF GOOD FAITH AND FAIR DEALING):

1 – 36.        Plaintiff repeats and realleges Paragraphs 1 through 36 of the First Count as Paragraphs 1 through 36 of this the Second Count.

37.     The Easement Agreement is a contract that contains an implied covenant of good faith and fair dealing.

38.     Plaintiff's determination that the T-Mobile wireless communication facility at the Property caused ESM to incur additional municipal property and real estate tax liability was based upon a detailed investigation conducted by Plaintiff.

39.     Plaintiff shared the results of its investigation with SBA and T-Mobile, including documentation from the tax authority relating to the tax assessment resulting from T-Mobile's facility at the Property.

40.     On October 20, 2022, Cellular Solutions received a response from SBA rejecting the documentation of the municipal tax liability furnished by Cellular Solutions and denying without justification that tax reimbursements were owed from T-Mobile

41.     SBA's response was a bad faith denial of both the terms of the SBA Agreement and the terms of the T-Mobile Lease, which require payment upon establishment of a municipal tax obligation, notwithstanding that Cellular Solutions provided detailed documentation of the tax liability associated with the T-Mobile wireless facility.

42.     SBA's response to Cellular Solutions is a denial that SBA will honor the terms of the associated contracts and cure the breach of the SBA Agreement.

43.     SBA has breached the implied covenant of good faith and fair dealing through the actions and omissions alleged above.

44.     As a direct and proximate result of SBA's breach of the implied covenant of good faith and fair dealing, ESB sustained financial damage.

45.     Cellular Solutions is the assignee of all ESB claims arising pursuant to the SBA Agreement and the T-Mobile Lease.

7

**THIRD COUNT (CONNECTICUT UNFAIR TRADE PRACTICES ACT):**

1 – 45.        Plaintiff repeats and realleges Paragraphs 1 through 45 of the Second Count as Paragraphs 1 through 45 of this the Third Count.

46.        At all times relevant hereto, SBA, T-Mobile, ESM and Cellular Solutions, were engaged in the conduct of trade or commerce within Connecticut, as those terms are defined and used in Connecticut General Statutes § 42-110b.

47.        The events described herein were performed in the conduct of trade or commerce.

48.        SBA engaged in unfair and deceptive acts and practices in violation of Connecticut General Statutes § 42-110b, et seq. including, but not limited to:

     a.   Refusing to acknowledge or collect upon tax reimbursement amounts past due and owing from T-Mobile in violation of the T-Mobile Lease and the SBA Agreement; and

     b.   Intentionally breaching the SBA Agreement and allowing T-Mobile to breach the requirements of the T-Mobile Lease.

49.        As a result of SBA's unfair and deceptive acts and practices ESM and its assignee Cellular Solutions sustained monetary damage.



Attorneys at Law
1111 Summer Street • Stamford, Connecticut 06905 • (203) 327-2000 • Juris Number 105068

WHEREFORE, the Plaintiff claims the following relief:

1.     The award of monetary damages;

2.     The award of punitive damages pursuant to <u>Conn</u>. <u>Gen</u>. <u>Stat</u>. §42-110g;

3.     The award of attorney's fees and costs pursuant to <u>Conn</u>. <u>Gen</u>. <u>Stat</u>. §42-110g;

4.     The award of interest on any amount due Plaintiff pursuant to the agreements described in the Complaint and/or pursuant to <u>Conn</u>. <u>Gen</u>. <u>Stat</u>. §37-3a;

5.     The award of attorney's fees and costs pursuant to the terms of the contracts described herein; and

6.     Such other and further relief as may be deemed just and proper by the court.

THE PLAINTIFF,
Cellular Solutions LLC

By: _____
    Mark P. Santagata
    Cacace, Tusch & Santagata
    1111 Summer Street
    Stamford, CT 06901
    Telephone: (203) 327-2000
    Facsimile: (203) 353-3392
    Juris No: 105068
    Email: msantagata@lawcts.com

A TRUE COPY
ATTEST

JOHN CORELLI
STATE MARSHAL
COUNTY OF FAIRFIELD



Attorneys at Law
1111 Summer Street • Stamford, Connecticut 06905 • (203) 327-2000 • Juris Number 105068

CACACE
TUSCH &
SANTAGATA



CELLULAR SOLUTIONS, LLC,     )     RETURN DATE:FEBRUARY 28, 2023

                                 )

PLAINTIFF,                 )     SUPERIOR COURT

                                 )

     V.                )     FAIRFIELD JUDICIAL

                                 )     DISTRICT

SBA SITE MANAGEMENT, LLC,    )

                                 )

DEFENDANT              )     JANUARY 27, 2023

## STATEMENT OF AMOUNT IN DEMAND

     The amount in demand, exclusive of interest and costs exceeds Fifteen Thousand

($15,000.00) Dollars.

                             THE PLAINTIFF,
                             Cellular Solutions LLC

                             By:_____
                                 Mark P. Santagata
                                 Cacace, Tusch & Santagata
                                 1111 Summer Street
                                 Stamford, CT 06901
                                 Telephone: (203) 327-2000
                                 Facsimile: (203) 353-3392
                                 Juris No: 105068
                                 Email: msantagata@lawcts.com

A TRUE COPY
ATTEST

JOHN CORELLI
STATE MARSHAL
COUNTY OF FAIRFIELD

# SBA SITE MANAGEMENT, LLC   ACTIVE

8051 CONGRESS AVENUE, BOCA RATON, FL, 33487, United States

**BUSINESS DETAILS**   ⌄

## Business Details   ⌃

### General Information   —

Business Name
SBA SITE MANAGEMENT, LLC

Business status
ACTIVE

Citizenship/place of formation
Foreign/FL

Business address
8051 CONGRESS AVENUE, BOCA RATON, FL, 33487, United States

Office in jurisdiction
8051 CONGRESS AVENUE, BOCA RATON, FL, 33487, United States

Annual report due
3/31/2024

NAICS code
All Other Information Services (519190)

Business ALEI
0946225

Date formed
8/6/2008

Business type
LLC

Mailing address
8051 CONGRESS AVENUE, BOCA RATON, FL, 33487, United States

Mailing address state of formation
8051 CONGRESS AVENUE, BOCA RATON, FL, 33487, United States

Last report filed
2023

NAICS sub code
519190

### Principal Details   —

Principal Name
SBA TOWERS, LLC

Principal Title
MEMBER

Principal Business address
8051 CONGRESS AVENUE, BOCA RATON, FL, 33487, United States

## Agent details                                                      — 

Agent name
CORPORATE CREATIONS NETWORK INC.

Agent Business address
6 LANDMARK SQUARE, 4TH FLOOR, STAMFORD, CT, 06901, United States

Agent Mailing address
6 LANDMARK SQUARE, 4TH FLOOR, STAMFORD, CT, 06901, United States

## Filing History                                                     ^ 

**Business Registration - Certificate of Registration**
**0003750227**
Filing date: 8/6/2008                        Filing time:

Volume Type
B

Volume
1192

Start page
430

Pages
1

Date generated
8/6/2008

**Annual Report(2009)**
**0004011431**
Filing date: 9/16/2009                       Filing time:

Jan 30, 2023

STATE OF CONNETICUT   )
                                          )   SS:   STAMFORD   **JANUARY 30, 2023**
COUNTY OF FAIRFIELD   )

THEN AND THERE, BY VIRTUE HEREOF, I MADE SERVICE OF THE WITHIN AND FOREGOING ORIGINAL WRIT, SUMMONS, COMPLAINT, CERTFICATION AND STATEMENT OF AMOUNT IN DEMAND BY LEAVING A TRUE AND ATTESTED COPY OF THE ORIGINAL WRIT, SUMMONS, COMPLAINT, CERTFICATION AND STATEMENT OF AMOUNT IN DEMAND WITH AN DIN THE HANDS OF;

**JAMIE KOPEC, MANAGER**
**CORPORATE CREATIONS NETWORK, INC.**
**6 LANDMARK SQUARE, 4TH FL.**
**STAMFORD, CT 06901**
**ONE (1) COPY SERVED**
**REGISTERED AGENT FOR SERVICE FOR**
**SBA SITE MANAGEMENT, LLC**
**8051 CONGRESS AVENUE**
**BOCA RATON, FL. 33487**

THE WITHIN AND FOREGOING IS THE ORIGINAL WRIT, SUMMONS, COMPLAINT, CERTFICATION AND STATEMENT OF AMOUNT IN DEMAND, WITH MY DOINGS HEREON ENDORSED.

| SERVICE FEES: | | |
|---|---|---|
| Service | 50.00 | ATTEST: |
| Add'l Service | | |
| Travel | 10.00 | |
| Pages | 11.00 | |
| Endorsements | 2.00 | |
| Postage | | JOHN CORELLI |
| | | STATE MARSHAL |
| | | FAIRFIELD COUNTY |
| TOTAL | $    73.00 | |

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** was mailed, postage prepaid, and/or or delivered electronically, via facsimile or non-electronically on **March 1, 2023** to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served upon the following as follows:

To:    Mark P. Santagata, Esq.
        Cacace, Tusch & Santagata
        1111 Summer Street
        Stamford, CT 06901
        Tel: (203) 327-2000
        Email: msantagata@lawcts.com

/S/ Richard D. Lane
RICHARD D. LANE (CT 31053)